Bo Scott ANDERSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2005–SC–001013–MR.

Supreme Court of Kentucky.

Aug. 23, 2007.

Randall L. Wheeler, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, William Robert Long, Jr., Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

An Anderson Circuit Court jury convicted Appellant Bo Scott Anderson of complicity to burglary, first-degree; two counts of complicity to theft by unlawful taking over $300.00; and of being a persistent felony offender in the second-degree. Appellant was sentenced to thirty years imprisonment. In this matter of right appeal,[1] Appellant assigns the following error: that he was "denied a fair trial and due process when the court permitted a witness for the Commonwealth to introduce improper evidence of prior bad acts and prior convictions against him."

On November 20, 2003, a group of men burglarized the home of Ruby Dean. Ms. Dean was dressing in her room when she heard men talking outside her door in the hallway. Frightened by the noise, she grabbed her pistol and exited into the hallway. Although she was not wearing her glasses at the time of the incident, Dean testified that she saw two men in the hallway and another man in a room at the end of the hallway. When confronted by Dean the men left. As a result of the burglary, six guns were taken from the home. In addition to the guns, Dean's son, Billy Dean, testified that several tools and two go-carts were missing from a barn on the property.

Deputy Whitenack, the lead police investigator, questioned Floyd Blaylock and Jerry Nation concerning the home invasion and burglary. Whitenack linked Blaylock to the burglary by a flannel shirt wrapped around one of the firearms stolen from Dean's home. Questioning of Blaylock and Nation led to an investigation concerning Appellant's involvement in both burglaries. Blaylock and Nation subsequently pled guilty to burglarizing Dean's home on No-

---

1. Ky. Const. § 110(2)(b).

vember 20, 2003 and Nation also pled guilty to burglarizing her barn on November 19, 2003.

At trial, Dean testified to the events surrounding the burglary of November 20, 2003. She quoted Blaylock as saying "do not shoot or I will kill you." Dean also testified as to the presence of a second person in the hallway, and she identified that individual as the Appellant.

Both Blaylock and Nation unequivocally testified to Appellant's involvement in the burglary of Dean's residence. Blaylock stated that he, Nation, and Appellant arrived at the Dean home on November 20, 2003, where Nation and the Appellant proceeded to break into the dwelling through a window in the basement. Blaylock further testified that Appellant and Nation subsequently exited the home with one firearm, and that he and Nation re-entered the home without Appellant, where they encountered Dean.

Direct examination of Blaylock resulted in a statement suggesting prior criminal conduct by Appellant. When asked how well he knew the Deans, Blaylock commented that he "never knew Bo [Appellant] had been to prison before." The statement was not elicited by the prosecution, nor was it objected to by the Appellant. Blaylock's statement did not reveal the nature of the crime for which Appellant had been incarcerated.

Subsequent to Blaylock's testimony, Deputy Whitenack gave the testimony that is the basis for the Appellant's claim of error. During direct examination, the prosecution asked Whitenack to describe the meeting between himself and the Appellant. Whitenack testified, upon the in-

sistence of the prosecutor, that when Appellant was asked about his involvement in the burglary of Dean's residence, Appellant stated "do you think I'm stupid, I just got out of prison for the same thing. I'm not saying anything, I'm going to ride this one out." Defense counsel objected based on KRE 404(b), but the trial judge overruled the objection on the premise that failure of Appellant to object to the similar testimony given previously by Blaylock regarding Appellant's imprisonment amounted to a waiver of objection. The trial judge also overruled the objection because defense counsel, during voir dire, suggested that Appellant would testify, thus making moot an objection to the admission of his prior conviction. Appellant did not testify.

Appellant argues the trial court violated KRE 404 by allowing testimony concerning his prior conviction and that such a violation constituted denial of a fair trial and due process. Specifically, Appellant argues, that the trial court committed reversible error in violating KRE 404(b) when it allowed the prosecution to elicit testimony concerning his commission of a similar crime.

 The standard of review of an evidentiary ruling is abuse of discretion.[2] The test for an abuse of discretion "is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[3] This Court will not disturb the trial court's decision to admit evidence absent an abuse of discretion.

 Resolving the propriety of the trial court's decision concerning admission of Appellant's prior criminal acts requires the

2. See *Woodard v. Commonwealth,* 147 S.W.3d 63 (Ky.2004).

3. *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000), (*citing Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999)).

Court to analyze the text and judicial response to KRE 404(b). KRE 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however be admissible:
>
> 1. If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or
>
> 2. If so inextricably intertwined with other evidence essential to the case that separation of the two could not be accomplished without serious adverse effect on the offering party.

Historically, this court has firmly applied KRE 404(b), holding, generally, proof of another crime unconnected with the crime for which the defendant is being prosecuted is not admissible.[4] From the language of the rule and in case law, KRE 404(b) has two major groupings of exceptions to its prohibition against admission of prior crimes or prior bad acts. *Lambert v. Commonwealth* correctly lays out the standard regarding KRE 404(b)(1): that "evidence of the commission of other crimes is not admissible to prove that an accused is a person of criminal disposition, but an exception exists if the evidence is offered to prove motive, intent, knowledge, identity, plan or scheme, or absence of mistake or accident."[5]

■ In this case, the prosecution did not elicit the statement of the past criminal act to prove motive, intent, knowledge, plan or scheme, or absence of mistake or accident. It is clear from the prosecution's questioning of Deputy Whitenack that the reason for the statement concerning Appellant's prior criminal activity was to inform the jury that the Appellant, before the burglaries of Dean's home and barn, was incarcerated for a crime of a similar nature.

Our view might be different had the prosecution attempted to provide an alternate basis for the admission of the evidence. But, as stated in *Daniel v. Commonwealth*,[6] the burden lies with the prosecution to provide an alternate base for admission of the evidence apart from its propensity relevance. Here, the prosecution offered no other justification for the evidence and we must conclude that admission of Whitenack testimony was not allowed under KRE 404(b)(1).

As an alternative basis for admission, KRE 404(b)(2) applies if the evidence is "so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party."[7] KRE 404(b)(2) does not apply here. The information concerning Appellant's past crime was not related to the burglaries of the Dean residence and it could hardly be said to be inextricably intertwined.

■ The fundamental purpose of KRE 404(b) is to prohibit unfair inferences against a defendant. This Court has held, "[t]o be admissible under any of the exceptions, the other criminal or wrongful acts must be (1) relevant for some purpose other than to prove criminal predisposition, (2) sufficiently probative to warrant introduction, and (3) the probative value of the evidence outweighs its potential for

---

4. *Manning v. Commonwealth,* 328 S.W.2d 421 (Ky.1959).

5. 835 S.W.2d 299, 302 (Ky.App.1992).

6. 905 S.W.2d 76 (Ky.1995).

7. KRE 404(b)(2).

prejudice to the accused." [8] Additionally, "trial courts must apply the rule [KRE 404(b)] cautiously, with an eye towards eliminating evidence which is relevant only as proof of an accused's propensity to commit a certain type of crime." [9] Unless such evidence satisfies one or more of the exceptions evidence will be excluded, because it is contrary to the language and intent of KRE 404(b) to admit evidence of past criminal conduct for the purpose of showing criminal disposition. Thus, unless the error was waived, the trial court abused its discretion concerning the testimony by Deputy Whitenack as to Appellant's prior criminal conduct.

The trial court allowed the evidence of Appellant's past criminal conduct partially because of counsel's statement during voir dire that Appellant intended to testify. The court reasoned that as Appellant planned to testify and would be subject to cross examination for conviction of a felony, there was no harm in Deputy Whitenack's testimony concerning the prior conviction. Apparently the trial court relied on KRE 404(a)(3) which allows introduction of evidence concerning the credibility of a witness as provided for in KRE 608 and KRE 609. Specifically KRE 609(a) allows:

> For the purpose of reflecting upon the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record if denied by the witness, but only if the crime was punishable by death or imprisonment for one (1) year or more under the law under which the witness was convicted. The identity of the crime upon which conviction was based may not be dis-

closed upon cross-examination unless the witness has denied the existence of the conviction. However, a witness against whom a conviction is admitted under this provision may choose to disclose the identity of the crime upon which the conviction is based.

KRE 609(a) requires that the person to whom it relates be a witness.

Appellant was not a witness in this proceeding. The only indication that Appellant would be a witness came during voir dire when defense counsel indicated that, as part of the defendant's case, he intended to call Appellant to testify. However, at no point in the trial did Appellant take the stand to offer testimony. Further, because he never testified, Appellant never undertook an oath or affirmation.

■ Appellee further claims waiver of KRE 404(b) by Appellant's failure to object to a statement concerning past criminal conduct made during the testimony of Blaylock. According to the Commonwealth, by not objecting to Blaylock's testimony of not knowing of Appellant's criminal past, Appellant waived the error in the Whitenack testimony. We disagree. Blaylock's testimony differed from Whitenack's. Whereas Blaylock testified that he "never knew Bo had been to prison before," Whitenack testified that Appellant stated "Do you think I'm stupid, I just got out of prison for the same thing. I'm not saying anything." The two statements were dissimilar. The distinction lies in the identification of the crime. There is a significant difference between being incarcerated and being incarcerated for a crime similar to the one for which the defendant is on trial.

8. *Clark v. Commonwealth,* 833 S.W.2d 793, 795 (Ky.1991).

9. *Daniel,* 905 S.W.2d at 78, (*quoting Bell v. Commonwealth,* 875 S.W.2d 882, 889 (Ky. 1994)).

Despite our conclusion that the trial court erred with respect to Whitenack's quotation of Appellant's statement, RCr 9.24 requires that we disregard harmless error.

> No error in either the admission or the exclusion of evidence and nor error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.[10]

An error is reversible if the erroneously admitted evidence has a reasonable possibility of contributing to the conviction; it is harmless if there is no reasonable possibility that it contributed to the conviction.

Here, the evidence for the Commonwealth was overwhelming. Viewing the case as a whole, we have no doubt that the evidence of Appellant's past criminal conduct, though in violation of KRE 404(b), was trivial when considered with the totality of the evidence. The Commonwealth produced three eyewitnesses who testified to Appellant's involvement in the burglary of Dean's home, two of whom were coconspirators. Accompanying these eyewitnesses, the Commonwealth presented ample circumstantial evidence to support the conviction.

Accordingly, for the aforementioned reasons, the final judgment of the Anderson *Circuit Court is affirmed.*

---

10. RCr 9.24.

All sitting. LAMBERT, C.J., and CUNNINGHAM, MINTON, NOBLE, SCHRODER, and SCOTT, JJ., concur.