# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 18, 2008
NOT TO BE PUBLISHED
FINAL

# Supreme Court of Kentucky

2007-SC-000184-MR

DATE 12-18-08 E.A.Grow D.C.

DENNIS MARTIN MACKIN              APPELLANT

V.

ON APPEAL FROM NELSON CIRCUIT COURT
HONORABLE PAUL W. ROSENBLUM, JUDGE
NO. 01-CR-000187

COMMONWEALTH OF KENTUCKY            APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

## I. INTRODUCTION.

A circuit court jury convicted Dennis Mackin of nine counts of incest. After the verdict, Mackin entered into a plea agreement that provided a punishment of consecutive ten-year sentences for each of the nine counts, for a total sentence of ninety years' imprisonment. But the plea agreement further provided that the judgment would impose upon Mackin twenty years' imprisonment, by virtue of the limiting provisions of Kentucky Revised Statutes (KRS) 532.110. After being sentenced to twenty years in accordance with the plea agreement, Mackin filed this appeal as a matter of right.[1] We have reviewed the record and applicable law and affirm the judgment.

---

[1]   Ky. Const. § 110(2)(b).

## II. FACTUAL AND PROCEDURAL HISTORY.

Mackin was indicted on nine generic counts of incest, charging him with having had sexual contact with his daughter, M.M. The charges in the indictment were based upon the fact that M.M. had told first her mother and then the authorities that Mackin had engaged in sexual contact with her frequently for approximately a year, beginning when M.M. was a twelve-year-old sixth grader. The charges eventually came on for a jury trial, at which the Commonwealth was allowed to introduce two sexually explicit photographs that appear to depict children engaging in sexual activity and two sexually explicit novels, which centered on incest. The jury found Mackin guilty of nine counts of incest, after which Mackin agreed to the plea agreement. The trial court imposed the sentence contemplated by the agreement. This appeal followed.

## III. ANALYSIS.

Mackin contends that the Commonwealth obtained his convictions based upon his possession of two pornographic photographs and two pornographic books, Becky's Family and Dad Does It Best. Mackin contends that those four items were inadmissible and that, even if the items met the minimum standards for admissibility, they should have been excluded from evidence because the items' prejudicial effects outweighed their probative value. Our task, therefore, is to determine if each of the four items should have been admitted into evidence and, if not, whether any item's admission constitutes reversible error. We shall address the admission of each item separately. Before we may substantively

2

address those items' admissibility, however, we must address the Commonwealth's concern that Mackin failed to preserve these evidentiary issues for our review.

### A. Mackin Sufficiently Preserved for Appellate Review the Four Items' Admissibility.

Mackin contends that he filed an objection to the Commonwealth's pretrial notice to introduce evidence of other bad acts under Kentucky Rules of Evidence (KRE) 404(b). But the Commonwealth's KRE 404(b) notice pertained only to testimony that Mackin allegedly raped and sodomized M.M. while traveling outside Kentucky. So, as the Commonwealth notes in its brief, Mackin's written objection to the Commonwealth's KRE 404(b) notice makes no mention of the two pornographic pictures and two incest-related books. The Commonwealth also notes that though Mackin contends that the admissibility of the four items in question was discussed at a pretrial conference, no recording of that conference has been placed in the record. The Commonwealth concedes that a KRE 404(b) hearing occurred concerning the four items in question but contends that the issue is not preserved because Mackin failed to ensure that a recording of that hearing was placed in the record before us.[2]

The Commonwealth also concedes that Mackin was permitted to raise a continuing objection at trial. The Commonwealth contends that objection was

---

[2] *See, e.g.,* Clark v. Commonwealth, 223 S.W.3d 90, 102 (Ky. 2007) ("Although each case is factually distinguishable from the one before us, we have consistently and repeatedly held that it is an appellant's responsibility to ensure that the record contains all of the materials necessary for an appellate court to rule upon all the issues raised. And we are required to assume that any portion of the record not supplied to us supports the decision of the trial court.") (footnote omitted).

insufficient for preservation purposes, however, because the objection was subject to the arguments and ruling from the previous hearing.

Obviously, we would prefer to have the entire record before us. We urge the parties to any appeal to take great pains to ensure that the record contains everything that an appellate court needs in order to make an informed ruling. But, under the facts of this case, the Commonwealth concedes that Mackin objected to the items' admissibility before trial and renewed that objection during trial, meaning that it stretches credulity to deem these evidentiary issues unpreserved. Although we may not have the benefit of viewing the discussions of counsel and the trial court during the KRE 404(b) hearing, the actual photographs and books themselves are in the record.[3] So we reject the Commonwealth's urging to consider these issues only under the palpable error rule.[4] Instead, we will apply the familiar abuse of discretion test in determining the items' admissibility.[5]

### B. The Trial Court Did Not Abuse its Discretion When it Permitted the Books to be Introduced Into Evidence.

KRE 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admissible if offered for other

---

[3] This stands in stark contrast to cases such as Clark, *supra*, in which we could not determine the admissibility of videotaped interviews because those videotapes were not in the record. 223 S.W.3d at 102-03.

[4] *See* Kentucky Rules of Criminal Procedure (RCr) 10.26.

[5] Clark, 223 S.W.3d at 95 ("Since the trial court's unique role as a gatekeeper of evidence requires on-the-spot rulings on the admissibility of evidence, we may reverse a trial court's decision to admit evidence only if that decision represents an abuse of discretion.").

purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[,]" or if the evidence is "so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party."[6] When a reviewing court is faced with a KRE 404(b) challenge, "three [inquiries] must be addressed separately: (1) relevance, (2) probativeness, and (3) prejudice."[7]

The Commonwealth argues that the books are inextricably intertwined with M.M.'s testimony regarding her alleged sexual contact with Mackin because Mackin allegedly asked M.M. to read the books in order to assure M.M. that incest was not an abnormal practice. The Commonwealth points to M.M.'s testimony that Mackin gave the books to her two to three months after he first touched her in a sexual manner and that Mackin told M.M. the books could answer her questions about sex. Furthermore, M.M. testified that Mackin forced her to read the books and questioned her afterward about the books' contents. Additionally, M.M. testified that Mackin told her that it must be acceptable for a father and daughter to have sex because it was the subject of books. Moreover, the Commonwealth contends that Mackin began having vaginal intercourse with M.M. only after forcing her to read at least one of the books, and even told M.M. that she would be happier, like the character whose name appears in the title of the book <u>Becky's Family</u>, if she stopped resisting. Finally, the Commonwealth

---

[6] KRE 404(b)(1)-(2).

[7] <u>Matthews v. Commonwealth</u>, 163 S.W.3d 11, 19 (Ky. 2005).

5

points out that Mackin admitted buying the books and to having "probably" read them.

We have held that the Commonwealth is allowed under KRE 404(b) to "present a complete, unfragmented picture of the crime and investigation."[8] In the case at hand, we agree with the Commonwealth that the books were inextricably intertwined with the other evidence. According to the testimony, Mackin used the books as a vehicle to assuage M.M.'s concerns about incest and as a springboard to further their sexual relationship. These books were relevant and probative. The question then becomes whether their introduction was unduly prejudicial to Mackin.

Obviously, the introduction of books promoting incest was prejudicial to Mackin, as it would be to any defendant.[9] Because of the inherently prejudicial nature of such evidence, therefore, the proper focus of our inquiry must be on whether the books' probative value was "substantially outweighed by the danger of undue prejudice. . . ."[10]

Mackin contends that the books' introduction into evidence did cause him to suffer undue prejudice. We disagree. The books had a high probative value, as demonstrated by M.M.'s testimony directly linking these books to her sexual intercourse with Mackin. So although the jury likely took a dim view of the books and, by extension, the books' owner—Mackin, their introduction into evidence

---

[8] Adkins v. Commonwealth, 96 S.W.3d 779, 793 (Ky. 2003).

[9] Bell v. Commonwealth, 875 S.W.2d 882, 890 (Ky. 1994) ("As for the prejudice side, there exists universal agreement that evidence of this sort is inherently and highly prejudicial to a defendant.").

[10] KRE 403.

was crucial for the Commonwealth to show the precise method by which Mackin allegedly engaged in a systematic control over M.M.'s mind and body. We conclude, therefore, that the trial court did not abuse its discretion when it deemed the books to be admissible.

C.   The Trial Court Did Abuse its Discretion When it Deemed the Two Photos in Question to be Admissible, but that Error is Harmless.

Mackin contends that the trial court abused its discretion by permitting the Commonwealth to introduce into evidence two photographs, which appear to depict female children engaging in sexual intercourse. We agree that the pictures should not have been introduced because the Commonwealth failed to link the photos to Mackin's sexual relationship with M.M., but we find the introduction of the photos to be harmless error in light of the overwhelming evidence against Mackin.

M.M. testified that she did not discuss the photos in question with Mackin and that she was not sure if she saw the photos at the same time as Mackin. M.M. testified that she saw the photos lying near the computer while she was playing a game. Notably, M.M. testified that she saw the photo marked as Commonwealth's exhibit 5 after she saw the photo marked as Commonwealth's exhibit 4. Commonwealth's exhibit 4 is dated August 17, 2000. But M.M. testified that her sexual activity with Mackin ceased on July 31, 2000, shortly before M.M. began eighth grade. So it logically follows that M.M. did not see either photograph until after such time as her sexual activity with Mackin had stopped.

7

In a somewhat analogous case from nearly twenty years ago, we forcefully "declare[d], unqualifiedly, that citizens and residents of Kentucky are not subject to criminal conviction based upon the contents of their bookcase unless and until there is evidence linking it to the crime charged."[11] We recently reaffirmed our commitment to that principle in Jones v. Commonwealth.[12] Although the Commonwealth generically argues that these two photos are inextricably intertwined with the other evidence of the charges against Mackin, that argument fails because the Commonwealth failed to link them to Mackin's sexual relationship with M.M. The photos are disturbing. But M.M. testified that she merely found them near a computer in her home and did not even discuss them with Mackin. So the photos are different from the books because M.M. testified about Mackin's use of the books to escalate their sexual relationship. It appears, therefore, that the photos in question failed the linkage test set forth in Dyer and reinforced in Jones. This conclusion is reinforced by the Commonwealth's failure to refute Mackin's convincing contention that the photos could not have played any role in the sexual relationship he had with M.M. because, under the terms of her own testimony, she did not see the photos until she had ceased having sexual relations with Mackin. So we hold that the trial court abused its discretion when it permitted the Commonwealth to introduce the two photographs in question into evidence.[13] Because RCr 9.24 constrains us to

---

[11] Dyer v. Commonwealth, 816 S.W.2d 647, 652 (Ky. 1991) *overruled on other grounds by* Baker v. Commonwealth, 973 S.W.2d 54, 55 (Ky. 1998).

[12] 237 S.W.3d 153, 160-61 (Ky. 2007).

[13] Mackin was originally indicted for one count of possession of child pornography. The photos may have been admissible in furtherance of that charge. However, that child

"disregard any error or defect in the proceeding that does not affect the substantial rights of the parties[,]" we must then decide whether the introduction of the photographs was a harmless error.

The test for harmless error is whether there is a reasonable possibility that the evidence in question may have contributed to the jury's verdict.[14] In light of M.M.'s strong, specific, and damning testimony, we do not find that there is a reasonable possibility that the erroneous admission of two photographs (even though the photos were displayed by the Commonwealth during closing argument) contributed to the jury's verdict. Essentially, the Commonwealth's case centered upon M.M.'s testimony; and the presence of these two extraneous photographs did not make her testimony that Mackin repeatedly engaged in sexual activity with her any more or less believable because M.M. candidly testified that the photos were not shown to her by Mackin. The status of the photographs stands in stark contrast to the pornographic books. Therefore, we find that the erroneous introduction of the photos was a harmless error.

## IV. <u>CONCLUSION</u>.

For the foregoing reasons, the judgment and sentence imposed by the Nelson Circuit Court are affirmed.

All sitting, except Venters, J. All concur.

---

pornography charge was severed from the incest charges and was ultimately dismissed with prejudice following Mackin's incest convictions.

[14] <u>Anderson v. Commonwealth</u>, 231 S.W.3d 117, 122 (Ky. 2007) ("An error is reversible if the erroneously admitted evidence has a reasonable possibility of contributing to the conviction; it is harmless if there is no reasonable possibility that it contributed to the conviction.").

COUNSEL FOR APPELLANT:

Charles Thomas Hectus
Hectus & Strause PLLC
804 Stone Creek Parkway
Suite One
Louisville, Kentucky 40223


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General
Office of the Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601