# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 29, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0736-MR

DARNELL RICHARDS NUTTER                                        APPELLANT

v.

ON APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCY ANNE VANMETER, JUDGE
NO. 17-CR-00805

COMMONWEALTH OF KENTUCKY                                        APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**REVERSING AND REMANDING**

Darnell Richards Nutter was convicted following a jury trial in the Fayette Circuit Court of two sex crimes committed against his minor step-daughter. He was sentenced to thirty years' imprisonment and now appeals as a matter of right. Because the trial court erred in failing to strike a juror for cause, we reverse and remand.

The issues presented in this case are only tangentially related to the historical facts, thus necessitating only a cursory factual recitation for proper resolution. Nutter was married to the victim's mother from 2000 to 2006. In 2006, his wife's minor daughter, Tracy,[1] accused Nutter of sexually abusing her between 2001 and 2005. At the time of the alleged crimes, Tracy was

---

[1] To protect the child's privacy, she will be referred to using a pseudonym.

under twelve years of age.  An investigation by the Cabinet for Health and Family Services (Cabinet) and the Lexington Metro Police Department (LMPD) substantiated the abuse but Tracy's mother declined to press charges.  The Cabinet closed its investigation and LMPD placed the case in "pending" status.

In 2017, Tracy contacted LMPD and requested the investigation be reopened.  In the course of the renewed investigation, Tracy recorded a phone call between herself and Nutter in which he admitted committing the abuse and apologized for his actions.  Nutter was subsequently indicted on one count each of rape, sodomy, and sexual abuse, all in the first degree.  Following a jury trial, Nutter was convicted of sodomy and sexual abuse but acquitted of rape.  The trial court imposed the jury's recommended sentence of thirty years' imprisonment and this appeal followed.

Nutter advances two allegations of error in seeking reversal of his convictions and sentence.  First, he asserts the trial court erred in refusing to strike a juror for cause during voir dire.  Second, he argues it was error to permit the Commonwealth to introduce evidence of subsequent, uncharged bad acts.  We agree the trial court should have removed the challenged juror for cause and therefore must reverse Nutter's convictions.

During individual voir dire at the bench, Juror 4605 revealed she had been sexually abused when she was eleven years old and the perpetrator was never charged.  Throughout the subsequent questioning, the juror became visibly emotional and can be seen dabbing tears.  When asked if she could be fair and impartial, Juror 4605 stated "I would like to say yes, but I'm obviously

2

going to have strong feelings, so I think I can, but I do have a strong opinion." In response to other questions, the juror said "I think I can be impartial," "I believe I can" give Nutter the presumption of innocence, and "yes, I think" I can render a not guilty verdict. She further indicated "I think I can be fair, but I have a strong opinion. It would be on my mind. I think I can be fair, but I don't know. I think I can decide based on the evidence." She agreed her prior experiences would weigh on her mind if selected as a juror, but she "honestly [did] not think" she was "leaning one way or the other" on Nutter's guilt.

Nutter's motion to strike Juror 4605 was denied, as was a renewed motion at the conclusion of voir dire. The trial court agreed with the Commonwealth that Juror 4605's life experiences were not automatically disqualifying, and the juror had indicated she could put her experiences aside, be fair and impartial, and render a not guilty verdict. After the jury had been seated, counsel approached the bench to inform the trial court she would have used a peremptory strike to remove Juror 4652 had Juror 4605 been struck for cause. The record reveals Nutter exhausted his peremptory challenges and Juror 4652 sat on the jury. Nutter now claims the trial court's refusal to remove this juror was in error.[2]

---

[2] Nutter substantially complied with the preservation requirements of *Gabbard v. Commonwealth*, 297 S.W.3d 844, 854 (Ky. 2009), to challenge the trial court's denial of his motion to remove Juror 4605 for cause. Nutter's trial took place before our recent holdings in *Floyd v. Neal*, 590 S.W.3d 245 (Ky. 2019), and *Ward v. Commonwealth*, 587 S.W.3d 312 (Ky. 2019), and is therefore not subject to their authority regarding preservation of a for-cause strike issue. Although overruled by *Floyd* in late 2019, *Sluss v. Commonwealth*, 450 S.W.3d 279, 284-85 (Ky. 2014), which sanctioned substantial compliance with *Gabbard*, was controlling at the time Nutter was tried.

A criminal defendant's right to an impartial jury is safeguarded by both Section 11 of the Kentucky Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Regarding a trial court's decision to not strike a juror for cause, this Court reviews for an abuse of discretion. *Shane v. Commonwealth*, 243 S.W.3d 336, 338 (Ky. 2007). Abuse of discretion occurs when a trial court acts in a way that is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). If a trial court abuses its discretion by failing to strike a juror for cause, a defendant's right to an impartial jury is violated, prejudice is presumed, and a structural error occurs mandating reversal. *Ward*, 587 S.W.3d at 327-28.

"When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, that juror shall be excused as not qualified." RCr[3] 9.36(1).

> "Ultimately, '[i]t is the totality of all the circumstances . . . and the prospective juror's responses that must inform the trial court's ruling.'" And "the mere fact that a prospective juror has been the victim of a crime like the crime being tried does not by itself imply a disqualifying bias. Additional evidence of bias is required." "Obvious factors bearing on the likelihood of bias are the similarity between the crimes, the length of time since the prospective juror's experience, and the degree of trauma the prospective juror suffered."
>
> At the same time, we must adhere to the principle "that objective bias renders a juror legally partial, despite his claim of impartiality." It is the "probability of bias or prejudice that is

---

[3] Kentucky Rules of Criminal Procedure.

4

determinative in ruling on a challenge for cause."  The trial judge must "weigh the probability of bias or prejudice based on the entirety of the juror's responses and demeanor.  *There is no 'magical question' that can rehabilitate a juror as impartiality is not a technical question but a state of mind.*"

*Ward*, 587 S.W.3d at 328 (footnotes omitted).

Nutter contends the totality of the circumstances surrounding Juror 4605's responses established reasonable grounds to conclude she could not render a fair and impartial verdict, thereby requiring her removal from the venire.  We agree.

The facts of this case are strikingly similar to those in *Ward* where a conviction was reversed for the trial court's failure to remove a juror for cause.  In *Ward*, the defendant was on trial for multiple sexual offenses.  Juror 277, the juror in question, revealed she had been raped as a teen, cried when discussing her history, and said she would "really like to think" she could put those experiences aside and focus solely on the facts of the case.  Through tears, when asked if she could be neutral she said "I believe I can do it."  Juror 277 also indicated she was not leaning toward a guilty verdict and would be able to decide the case based solely on the evidence presented.  On appeal to this Court, we concluded the trial court abused its discretion in failing to strike Juror 277 for cause based on the totality of the circumstances.

> Juror 277's demeanor and answers to the individual voir dire questions, coupled with the fact that the juror suffered a similar sexual offense crime as alleged by the victim in this case, should have prompted in the trial court a reasonable ground to believe that Juror 277 would not have been able to render an impartial verdict.  While we commend Juror 277's candor and effort to participate in our justice system as an impartial juror, we cannot

5

hold that allowing her on the jury would not infringe on Ward's guaranteed right to an impartial jury.

*Ward*, 587 S.W.3d at 329.

We see little difference in the demeanor and answers provided here by Juror 4605 from those deemed problematic in *Ward*. Juror 4605 wept when discussing her prior abuse. Her answers to many of the questions during voir dire were equivocal. Attempts to rehabilitate her were met with more tenuous responses. The totality of the circumstances here, as in *Ward*, lead us to the inescapable conclusion Juror 4605's fitness to serve as a juror in this matter was reasonably in doubt and prejudice must be presumed. 587 S.W.3d at 328. The trial court erred in refusing to strike Juror 4605 for cause, creating a structural error, and thereby requiring reversal of Nutter's convictions and remand for a new trial.

Finally, Nutter argues the trial court erred in permitting the Commonwealth to introduce evidence of a subsequent, uncharged rape and a non-sexual encounter in violation of KRE[4] 404(b), thereby resulting in an unfair trial. We disagree.

Evidence "of [o]ther crimes, wrongs, or acts" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" KRE 404(b)(1). Trial courts are to assess the relevance, probativeness, and prejudice of the evidence of other crimes or

---

[4] Kentucky Rules of Evidence.

6

wrongs when determining its admissibility. *Bell v. Commonwealth*, 875 S.W.2d 882, 889 (Ky. 1994). We review evidentiary decisions for an abuse of discretion. *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

The sexual offenses with which Nutter was charged all occurred when Tracy was under the age of twelve. At trial, Tracy testified regarding an uncharged rape which occurred when she was thirteen. Further, Tracy's mother testified she once came home from work and found Nutter sitting on the bed with Tracy and her sister in what she described as an "innocent encounter." Nutter claims this testimony was irrelevant and more prejudicial than probative. He asserts reversal is therefore required.

The Commonwealth sought to introduce these two pieces of testimony to prove intent, motive, plan, and absence of mistake. "[E]vidence of similar acts perpetrated against the same victim are almost always admissible" for 404(b) purposes. *Noel v. Commonwealth*, 76 S.W.3d 923, 931 (Ky. 2002). As the trial court noted, the evidence adduced at trial showed a common scheme whereby Nutter would abuse Tracy in the family home while her mother was absent, thus evincing a pattern for the bad acts. Nutter articulates no basis of prejudice resulting from Tracy's testimony about the uncharged rape. The jury was fully aware of the sordid details of his acts of continuing abuse. We are unable to say testimony regarding one more instance caused undue prejudice such as to require its exclusion. *See* KRE 403; *Harp v. Commonwealth*, 266 S.W.3d 813, 822-23 (Ky. 2008).

7

Additionally, Nutter's challenge to the testimony regarding the "innocent encounter" is without merit. Review of the testimony reveals it was actually favorable to Nutter, as Tracy's mother contradicted Tracy's account of the incident, showed hostility toward Tracy, and clearly described the incident as nothing more than an innocent event in which Nutter was attempting to get the girls to go to sleep. As such, we discern no prejudice from admission of this testimony, and certainly no undue prejudice.

For the foregoing reasons, we are constrained to reverse Nutter's convictions and sentence based on the trial court's failure to strike Juror 4605 for cause and to remand the matter for further proceedings consistent with this opinion.

Minton, C.J.; Conley, Hughes, Keller, Lambert, and Nickell, JJ., sitting. All concur. VanMeter, J., not sitting.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Kentucky Attorney General

Emily Bedelle Lucas
Assistant Attorney General