RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0957-MR

ROBERT CALDWELL                                                              APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 19-CR-00473

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Robert Caldwell (Caldwell) appeals as a matter of right his

convictions for first-degree bail jumping and being a second-degree persistent

felony offender on the grounds that: 1) he was prejudiced by the jury's knowledge

that he had been transported to the courtroom late for trial; 2) the trial court erred

in allowing testimony regarding his outstanding bench warrant; and 3) his

constitutional rights were violated when potential jurors saw him in restraints. As this Court finds no abuse of discretion, we affirm.

Caldwell was arrested on July 19, 2018, in relation to Indictment No. 18-CR-00148-002. He was arraigned upon felony charges therein on August 1, 2018, and bond was set at $10,000/10%, with the condition that he have no further violations of the law, including failures to appear. His initial pre-trial conference was scheduled for November 2, 2018.

Subsequently, on October 12, 2018, he was arrested on other charges. On October 15, 2018, based on those new charges, the Commonwealth moved to revoke his bond in Indictment No. 18-CR-00148-002. Thereafter, on October 24, 2018, a bench warrant was issued. He failed to appear for the November 2, 2018, pre-trial conference.

On October 9, 2019, Caldwell was indicted for first-degree bail jumping and being a persistent felony offender in Indictment No. 19-CR-00473. That case was ultimately tried on June 7, 2021, resulting in the convictions from which Caldwell now appeals.

Prior to trial, the Commonwealth filed a motion *in limine*, seeking to introduce the bail order, motion to revoke with citation, and bench warrant arising out of Indictment No. 18-CR-00148-002. Caldwell stipulated to 1) having a felony

charge in that case which was still pending; 2) that he was granted bond on August 1, 2018, as to that case; and 3) that he failed to appear on November 2, 2018.

In its initial ruling on the Commonwealth's motion *in limine*, the trial court found that the bail order (as redacted) was admissible, but that the motion to revoke, bench warrant, and citation were not, because they were not "inextricably intertwined" or necessary to show "motive as distinct from intent." However, in its order of October 20, 2020, the trial court reconsidered its ruling on the grounds that it was "overbroad." Instead, the court directed that "[w]hile the document shall not be admitted into evidence oral testimony about the motion, the date it was filed and the date it was assigned for hearing may be admitted pursuant to KRE[1] 404(b). An admonition shall be given to the jury to consider that evidence only as to motive or intent of the Defendant and for no other purpose."

On June 7, 2021, at 9:22 a.m., the case was called for trial. At that time, both sides announced ready. Caldwell was present, in street clothing, seated at counsel table. At a bench conference, his trial counsel advised the court that Caldwell had arrived after the potential jurors, and he expressed concern that arriving late for a bail jumping case might result in prejudice. Jury selection proceeded and Caldwell was convicted on the charged offenses.

---

[1] Kentucky Rules of Evidence.

On June 14, 2021, Caldwell's trial counsel filed his motion for judgment notwithstanding the verdict and for a new trial. In support of that motion, he argued that the testimony regarding the bench warrant resulted in prejudice, as did Caldwell's late arrival to court. He also advised the court, for the first time, that the potential jurors saw Caldwell in restraints. After the matter was briefed and heard, the trial court denied the motions and sentenced Caldwell to serve ten years.

## I.     LATENESS FOR TRIAL

The video record of the trial proceeding commences at 9:22 a.m. At that time, Caldwell's trial counsel indicated that his client was not present when the potential jurors came into the courtroom. Caldwell was "three or four" minutes late and the representatives of the sheriff's office brought him in through the "front." He sought to preserve the issue of Caldwell's untimely arrival for the record. As stated in *Perkins v. Commonwealth*, 237 S.W.3d 215, 223 (Ky. App. 2007), "a failure to press a trial court for a ruling or an admonition on an objection or on a motion for relief operates as a waiver of that issue for purposes of appellate review." Since trial counsel failed to move for an admonition or other relief as it pertains to Caldwell's time of arrival, we find that the issue has been waived and cannot form the basis for reversal.

## II. ADMISSIBILITY OF KRE 404(b) EVIDENCE

The appellate standard of review of an evidentiary ruling is one of abuse of discretion. The test for such abuse is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

KRE 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

1. If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or

2. If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party.

As noted by the Court in *Anderson*, the purpose of this rule is to prevent the admission of evidence which merely shows that a criminal defendant has a "propensity to commit a certain type of crime." 231 S.W.3d at 121. As such, "the burden lies with the prosecution to provide an alternate base for admission of the evidence apart from its propensity relevance." *Id.* at 120.

In this case, the Commonwealth provided that "alternate base" by consistently arguing that the bail order entered in Case No. 18-CR-00148-002 was

properly admissible pursuant to KRE 404(b)(1). In its motion *in limine* of October 6, 2020, the Commonwealth asserted that the order demonstrated Caldwell's knowledge that attendance was a condition of bail as well as the fact that he had a motive for his failure to appear, since he clearly was made aware that he was not to have any further violations of the law. In its order of October 15, 2020, the court cited its verbal comment on the record that the bail order would be admitted. The Commonwealth agreed to redact the amount of bail and the name of the victim. However, the court excluded the motion to revoke, citation, and warrant, on the grounds that they were not "inextricably intertwined" nor were they necessary to show "motive as distinct from intent." Thereafter, on October 20, 2020, the court *sua sponte* reconsidered its order to the extent that it found that the motion to revoke, citation, and bench warrant were not admissible. Instead, the court held that testimony about the documents would be allowed "but not the documents themselves." The court also stated that the jury would be admonished to "consider [the] evidence only as to motive or intent of the Defendant and for no other purpose."

On May 26, 2021, the Commonwealth renewed its motion *in limine*, arguing that:

> It was the pending Warrant and the threat of incarceration or other consequences, which would truly motivate the Defendant to intentionally fail to appear in court. Additionally, without evidence of when the Warrant was

served, the Commonwealth would be unable to prove the obvious, but crucial, point that the Warrant was not served prior to that date and the Defendant was not incarcerated on or prior to that date.

The issue was revisited at the pre-trial conference held on June 2, 2021. The trial court found, once again, that while the Commonwealth was not permitted to introduce the documents, it could elicit testimony regarding them.

The admissibility of evidence pursuant to KRE 404(b)(1) was raised for a final time in Caldwell's motion for judgment notwithstanding the verdict and for a new trial and in the Commonwealth's response to that motion. The trial court heard arguments on July 23, 2021. Caldwell's motions were denied and the sentence was imposed.

Despite the Commonwealth's consistent and repeated assertions that all of the documents were admissible, the trial court remained aware of its obligation to "weigh the evidence's probativeness against the danger of undue prejudice." *Commonwealth v. Bell*, 400 S.W.3d 278, 283 (Ky. 2013). As such, the court carefully tailored its ruling to allow the Commonwealth to present its case while limiting the potential for prejudice against Caldwell. Indeed, the trial court readjusted its ruling numerous times. Accordingly, this Court finds no abuse of discretion as to the evidentiary rulings herein and therefore, no basis for reversal.

## III.   PHYSICAL RESTRAINTS

The most concerning of Caldwell's arguments involves his insistence that potential jurors were permitted to see him in physical restraints.  Courts have long addressed themselves to the egregious potential for prejudice engendered by such displays.  *Deck v. Missouri*, 544 U.S. 622, 125 S. Ct. 2007, 161 L. Ed. 2d 953 (2005).

In *White v. Commonwealth*, 301 Ky. 228, 229-30, 191 S.W.2d 244, 245 (1945), the issue before the trial court was whether the defendant was seen by jurors while handcuffed to his co-defendant.  Following his conviction, White, like Caldwell, filed a motion for a new trial "without affidavit or proof."  *Id*. at 230, 191 S.W.3d at 245.  That motion was denied.  On appeal, the Commissioner concluded that, "there is nothing to show, as is suggested in appellant's brief, that the defendants were brought through the courtroom to a back room before 'the jurors who were to try him.'"  *Id*.

Here, as in *Moss v. Commonwealth*, 949 S.W.2d 579 (Ky. 1997), there has been no "showing or offer of any proof which might support the contention that the juror saw appellant bound.  Appellant has shown no prejudice and therefore, no error occurred."  *Id.* at 583.  As such, this Court is not obliged to engage in the heightened analysis prescribed in *Deal v. Commonwealth*, 607 S.W.3d 652 (Ky. 2020).  Further, as stated in *Meece v. Commonwealth*, 348

S.W.3d 627, 684 (Ky. 2011), where an issue is not raised until after trial, it is not properly preserved for appellate review.

Thus, the only analysis to be made by this Court is whether the trial court committed any palpable error pursuant to RCr[2] 10.26. Based upon the record presented herein, there was no showing of an "easily perceptible, plain, obvious and readily noticeable" error. *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006). For this Court to find that a palpable error occurred, it must determine that the error in question resulted in "manifest injustice." *Kingery v. Commonwealth*, 396 S.W.3d 824, 831 (Ky. 2013). Such a showing requires this Court to find that there is a "probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Young v. Commonwealth*, 426 S.W.3d 577, 584 (Ky. 2014). Due to the inaction of Caldwell and his trial counsel in raising the issue of restraints, no evidence was acquired to demonstrate the basic fact that any potential juror observed Caldwell, much less that such an "inadvertent viewing" influenced that juror and his or her decision as to his guilt. *Moss*, 949 S.W.2d at 582-83.

Accordingly, we affirm the judgment of the Pike Circuit Court.


ALL CONCUR.

---

[2] Kentucky Rules of Criminal Procedure.

BRIEFS FOR APPELLANT:               BRIEF FOR APPELLEE:

Jared Travis Bewley                 Daniel Cameron
Frankfort, Kentucky                 Attorney General of Kentucky

                                    Christina L. Romano
                                    Assistant Attorney General
                                    Frankfort, Kentucky