RENDERED:  APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0247-MR

JERRY BEASLEY                                                APPELLANT


APPEAL FROM WOLFE CIRCUIT COURT
v.               HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 20-CR-00016


COMMONWEALTH OF KENTUCKY                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE:  On February 7, 2022, Appellant, Jerry Beasley, entered a

conditional guilty plea in Wolfe Circuit Court to one count of first-degree sexual

abuse involving a victim under twelve years' of age.  Therein, he reserved the right

to appeal the court's order denying his motion to exclude evidence that he exposed

his genitals to the victim, and also showed her pornography.  After a hearing on the

matter, the circuit court denied the motion on the basis that this evidence was

admissible pursuant, in part, to KRE[1] 404(b).  In its five-page order the court

concluded that:

> based on the case law cited above, the fact that the
> uncharged conduct involves the same alleged victim, and
> it being similar to the nature of the charged conduct, the
> Court finds that the uncharged acts of prior viewing of
> alleged pornography and prior exposure of genitals is
> relevant, probative and not substantially prejudicial.

Beasley was ultimately sentenced to five years' imprisonment, probated for five

years.  He now appeals to this court as a matter of right.  For the following reasons,

we affirm.

## STANDARD OF REVIEW

KRE 404(b) prohibits the introduction of evidence of any other crime,

wrong, or act is not admissible to prove a person's character in order to show that

on a particular occasion the person acted in accordance with the character.  Such

conduct is only admissible "[i]f offered for some other purpose, such as proof of

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident[.]"  *Id*.

> The standard of review of an evidentiary ruling is
> abuse of discretion.  The test for an abuse of discretion
> "is whether the trial judge's decision was arbitrary,
> unreasonable, unfair, or unsupported by sound legal
> principles."  This Court will not disturb the trial court's
> decision to admit evidence absent an abuse of discretion.

---

[1] Kentucky Rules of Evidence.

*Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (footnotes and citations omitted). With these standards in mind, we now turn to the merits of the present case.

## ANALYSIS

On June 8, 2020, Jerry Beasley was indicted by a Wolfe County grand jury on one count of first-degree sexual abuse. In the bill of particulars, the Commonwealth set out the acts serving as the basis for the offense as follows: [The victim] alleged that sometime between 2013 and 2016, Beasley 1.) showed her pornography ten to fifteen times; 2.) exposed himself to her four times – once in the basement of his house, twice in the bathroom of his residence, and once in his body shop/garage; and 3.) on one occasion, lifted her shirt and kissed her breasts.

"[P]rior acts committed against the same victim, similar to the conduct on trial, will often if not usually, have relevance other than merely establishing a propensity to commit the crime charged, thus falling within the KRE 404(b) exception." *Gullett v. Commonwealth*, 514 S.W.3d 518, 530 (Ky. 2017) (citing *Driver v. Commonwealth*, 361 S.W.3d 877, 884 (Ky. 2012)). In addition to this general admonition, both parties cite to additional authority in support of their positions. *Compare Metcalf v. Commonwealth*, 158 S.W.3d 740, 746 (Ky. 2005) (reversing, in part due to the erroneous admission of evidence that defendant

-3-

exposed himself and showed pornography to a different victim) *with Gilbert v. Commonwealth*, 838 S.W.2d 376, 378 (Ky. 1991) (holding that evidence the defendant gave his stepdaughters marijuana and alcohol and forced them to watch sexually explicit movies was part of an "overall scheme" to engage in sexual intercourse with them). Having considered the record and authority advanced by the parties, we believe that the conduct at issue here is admissible pursuant to KRE 404(b). We certainly cannot conclude that the circuit court abused its discretion here.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the circuit court's order entered on November 16, 2021, and the court's Judgment and Sentence entered on February 8, 2022.

ALL CONCUR.

BRIEF FOR APPELLANT:

Darrell A. Herald
Jackson, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky