# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: APRIL 27, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0550-MR

BARRY ELLIOTT                                                   APPELLANT

V.
ON APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W HENDRICKS, JR., JUDGE
NO. 19-CR-00348

COMMONWEALTH OF KENTUCKY                                        APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**REVERSING AND REMANDING**

The Logan Circuit Court held a one-day jury trial of Appellant Barry Elliott on charges of possession of a firearm by a convicted felon and being a persistent felony offender. Over the course of that single-day trial the Commonwealth made at least ten separate references to the jury regarding Elliott's possession of drugs and related paraphernalia at the time of his arrest, despite the fact he was not currently on trial for those offenses. The Commonwealth also made five separate references explicitly stating or suggesting that Elliott was a drug dealer. The Commonwealth further made at least six references to other charges pending against Elliott that also were not at issue in the trial.

The jury convicted Elliott of possession of a firearm by a convicted felon and being a persistent felony offender and recommended the maximum legal enhanced sentence of twenty years. The trial court sentenced in conformity with that recommendation. Elliott now appeals to this Court as a matter of right. KY. CONST. § 110(2)(b).

Following a careful review, we conclude the Commonwealth's numerous references to Elliott's possession of drugs and related paraphernalia, to his alleged occupation as a drug dealer, and to the other charges pending against him violated KRE[1] 404(b)'s prohibition against the admission of other crimes, wrongs, or acts for the purpose of proving character to show action in conformity therewith. We further conclude this was not harmless error and therefore reverse and remand for a new trial.

**FACTUAL AND PROCEDURAL BACKGROUND**

The South Central Kentucky Drug Task Force conducted a drug investigation that revealed reason to believe Appellant Barry Elliott was trafficking drugs from a residence in Logan County. On September 24, 2019, the Task Force obtained a search warrant permitting a search of that residence for illegal drugs and other materials related to drug activity and drug trafficking.

In the course of executing the search warrant, the Task Force discovered Elliott in the residence. In the same room with Elliott were alleged methamphetamine, alleged marijuana, and a loaded and chambered shotgun.

---

[1] Kentucky Rule of Evidence

Elliott was arrested and ultimately indicted on charges of first-degree trafficking in a controlled substance, first-degree possession of a controlled substance, possession of marijuana, possession of drug paraphernalia, possession of a firearm by a convicted felon, and being a first-degree persistent felony offender ("PFO").

The trial court properly severed the firearm and PFO charges from the remaining drug-related charges arising from Elliott's arrest. The Commonwealth proceeded with trial on the firearm and PFO charges. Though the drug-related charges therefore were not at issue, the Commonwealth nonetheless made frequent references throughout the one-day trial to Elliott's possession of drugs and drug paraphernalia at the time of his arrest, to his alleged occupation as a drug dealer, and to the other charges pending against him. In its opening statement, the Commonwealth told the jury it would see body cam footage from the search showing alleged drugs and other paraphernalia on a table and that Elliott had been arrested on charges other than those at issue in the trial. Witness testimony further referenced the drugs found during execution of the search warrant. Task Force Agent Fox informed the jury that during the search law enforcement found methamphetamine, digital scales commonly used to weigh drugs, and plastic bags consistent with the storage of illegal drugs. The jury also observed body cam footage of the search of the residence in which law enforcement noted the presence of illegal drugs. The Commonwealth also referenced the drugs found with Elliott at least three times during its closing argument and further stated "we don't want

3

people who are drug dealers . . . legally walking around with firearms," and that "if you're a drug dealer you don't want someone taking . . . your drugs."

Agent Fox also testified to an incident following Elliott's arrest in which Elliott asked Agent Fox to list the charges against him. Agent Fox testified that he then listed the "numerous charges" for Elliott. Defense counsel objected and moved for a mistrial, contending the proceedings had "turned into a trafficking trial." The trial court denied the motion for a mistrial. Defense counsel then requested an admonition to the jury regarding the other-charges evidence, which the trial court provided.[2] After the admonition, Agent Fox testified that when he informed Elliott one of the charges against him was possession of a firearm by a convicted felon, Elliott stated he was keeping the gun for his uncle.

The jury convicted Elliott of the firearm and PFO charges and recommended a sentence of five years enhanced to the legal maximum of twenty years. Elliott filed a motion for a new trial alleging he was prejudiced by admission of evidence regarding the drug-related charges. The trial court denied that motion and sentenced in conformity with the jury's recommendation. Elliott now appeals.

## ANALYSIS

Elliott argues that the trial court's admission of numerous drug-related statements and evidence at trial violated KRE 404(b). Elliott stated timely objections to the admission of such evidence and thus his allegation of error is

---

[2] *See supra* Part III.

preserved.[3]  KRE 103(a)(1); RCr[4] 9.22; *Daniel v. Commonwealth*, 607 S.W.3d 626, 632 (Ky. 2020) (noting that alleged error "was properly preserved for our review by [appellant's] objection to the evidence on . . . KRE 404(b) grounds.").

Under KRE 404(b), evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show action in conformity therewith."  As we have previously noted,

> [t]he reasons for the rule are salutary.  Ordinarily, such evidence does not tend to establish the commission of the crime.  It tends instead to influence the jury, and the resulting prejudice often outweighs its probative value.  Ultimate fairness mandates that an accused be tried only for the particular crime for which he is charged.  An accused is entitled to be tried for one offense at a time, and evidence must be confined to that offense.  The rule is based on the fundamental demands of justice and fair play.

*O'Bryan v. Commonwealth*, 634 S.W.2d 153, 156 (Ky. 1982) (citation omitted).[5]

Evidence of other crimes, wrongs, or acts may be admissible, however, for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  KRE 404(b)(1).

---

[3] Four of the thirty-seven drug-related references at trial cited by Elliott in his brief involve introduction of evidence of his prior conviction for trafficking in cocaine. Elliott did not object to the admission of that particular evidence at trial, perhaps for the obvious reason that a prior felony conviction was an essential element of the Commonwealth's proof for possession of a firearm by a convicted felon.  *See* Kentucky Revised Statutes ("KRS") 527.040.  Elliott also presents no specific written argument of error as to the admission of that evidence in his briefing to this Court.  In any event, we note that the admission of evidence of his prior felony conviction was not erroneous given that such evidence was an essential element of the Commonwealth's proof on the charge of possession of a firearm by a convicted felon.

[4] Kentucky Rules of Criminal Procedure

[5] Though *O'Bryan* predates our adoption of the current Kentucky Rules of Evidence, its statement of the purpose of excluding evidence of other crimes, wrongs, or acts is in accord with the purposes of KRE 404(b).  *Clark v. Commonwealth*, 223 S.W.3d 90, 96 n.12 (Ky. 2007).

Such evidence may also be admissible "[i]f so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party." KRE 404(b)(2). KRE 404(b) is "'exclusionary in nature'" and thus these exceptions "'should be 'closely watched and strictly enforced'" given their "'dangerous quality and prejudicial consequences.'" *Graves v. Commonwealth*, 384 S.W.3d 144, 147-48 (Ky. 2012) (quoting *Clark*, 223 S.W.3d at 96). We review a trial court's decision to admit evidence under KRE 404(b) for abuse of discretion. *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

I. **The trial court did not err in admitting evidence that law enforcement discovered the charged offense in the course of executing a search warrant obtained in connection with a drug investigation.**

Elliott first contends the trial court erred in admitting evidence that law enforcement discovered the firearm at issue while executing a search warrant obtained in connection with the Drug Task Force investigation. We disagree.

As noted above, KRE 404(b)(2) permits the admission of evidence of other crimes, wrongs, or acts where they are so inextricably intertwined with evidence essential to the crime charged that separating the two would result in serious adverse effect on the offering party. One such circumstance arises where evidence of the other crime, wrong, or act is necessary to allow the Commonwealth to "paint an accurate picture" of the context and events surrounding the charged offense:

> "One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence 'furnishes part of the context of the crime' or is necessary to a 'full presentation' of the case, or is

6

so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its 'environment' that its proof is appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the "res gestae"' or the 'uncharged offense is "so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . . ." [and is thus] part of the res gestae of the crime charged.'"

*Webb v. Commonwealth*, 387 S.W.3d 319, 326 (Ky. 2012) (quoting *Norton v. Commonwealth*, 890 S.W.2d 632, 638 (Ky. App. 1994)). In other words, "the Kentucky Rules of Evidence are 'intended to be flexible enough to permit the prosecution to present a complete, un-fragmented, un-artificial picture of the crime committed by the defendant, including necessary context, background and perspective.'" *Id.* at 328 (quoting *Major v. Commonwealth*, 177 S.W.3d 700, 708 (Ky. 2005)).

We have previously held that consistent with KRE 404(b)(2)'s provision for the admission of evidence to provide necessary background and context, the Commonwealth may present proof that the defendant was the subject of a drug investigation arising from other crimes, wrongs, or acts to explain why law enforcement focused its attention upon the defendant. *Peyton v. Commonwealth*, 253 S.W.3d 504, 516 (Ky. 2008) ("[T]estimony explaining why a defendant had become a suspect in a drug investigation is relevant . . . to avoid any implication that the defendant was unfairly singled out in the drug sting operation and to explain why the defendant was targeted."); *see also Gordon v. Commonwealth*, 916 S.W.2d 176, 179 (Ky. 1995) ("[I]t was not improper to admit evidence that appellant had become a suspect in the county-wide drug investigation. This avoided any implication that appellant had been unfairly

7

singled out . . . ."). We have similarly held that the Commonwealth may present proof of warrants relating to other crimes, wrongs, or acts where the execution of those warrants provides the context in which law enforcement discovered the charged offense. *Kerr v. Commonwealth*, 400 S.W.3d 250, 262-63 (Ky. 2013) ("The existence of the arrest warrants here was necessary to an adequate understanding of the context of the officers' conduct . . . [and] provided the setting and context of the discovery of the crime. Excluding the reason why police were observing [the defendant] and why they arrested him, thereby gaining access to the contraband, would have left the jury with an incomplete and fragmented picture of the circumstances surrounding how the [charged offense] was discovered.").

Here, we find no error in the trial court's admission of evidence that Elliott was the subject of a Drug Task Force investigation or that the firearm offense was discovered in the execution of a search warrant resulting from that investigation. That Elliott was the subject of a drug investigation provided the jury with necessary context to understand why law enforcement focused its attention upon him, thereby avoiding the creation of an inaccurate misperception that law enforcement lacked a basis for doing so. Evidence that law enforcement executed a search warrant resulting from the drug investigation similarly explained to the jury how law enforcement discovered the firearm at issue. Accordingly, because evidence of the drug investigation and resulting search warrant was necessary to allow the Commonwealth to "paint an accurate picture" of the background and context of the charged

8

offense of possession of a firearm by a convicted felon, the trial court did not abuse its discretion in admitting that evidence.

## II. The trial court abused its discretion in admitting voluminous evidence that Elliott was in possession of drugs and related paraphernalia when arrested and that Elliott was a drug dealer.

While we therefore discern no error in the trial court's admission of evidence of the drug investigation and resulting search warrant, we conclude the trial court abused its discretion in admitting voluminous evidence that Elliott possessed drugs and related paraphernalia at the time of his arrest and that he was a drug dealer. We note that, unlike the Drug Task Force investigation and search warrant, evidence of Elliott's alleged occupation as a drug dealer and possession of drugs and paraphernalia at the time of arrest was not admissible under KRE 404(b)(2). First, such evidence was not necessary to explain why law enforcement focused on Elliott or how it discovered the charged firearm offense. Indeed, evidence of the drug investigation and search warrant already accomplished that purpose. Second, suppression of evidence of Elliott's possession of drugs and occupation as a drug dealer would not have necessarily also resulted in suppression of evidence relating to the firearm charge. *See Metcalf v. Commonwealth*, 158 S.W.3d 740, 743-44 (Ky. 2005) (noting that evidence is "inextricably intertwined" when it would be necessary to suppress evidence relating to the charged offense in order to exclude evidence of the other crime, wrong, or act). To the contrary, the trial court could have excluded all reference to Elliott's possession of the drugs and related paraphernalia and alleged occupation as a drug dealer

9

without limiting proof that Elliott possessed a firearm while he was a convicted felon. As such, the evidence was not inextricably intertwined with the charged offense so as to warrant admission under KRE 404(b)(2).

We therefore must consider whether evidence that Elliott possessed drugs and was a drug dealer was nonetheless admissible under KRE 404(b)(1). In determining whether to admit evidence of other crimes, wrongs, or acts under KRE 404(b), a trial court must consider the three factors of relevance, probativeness, and prejudice as set forth in *Bell v. Commonwealth*, 875 S.W.2d 882 (Ky. 1994). That is, the trial court must consider 1) whether the proffered evidence is relevant for some purpose other than to prove the defendant's criminal disposition, 2) whether evidence of the other crime, wrong, or act is sufficiently probative of its commission by the defendant, and 3) whether the potential prejudice from admission of the proffered evidence substantially outweighs its probative value. *Id.* at 889-91. In considering these factors, the trial court "must apply [KRE 404(b)] cautiously, with an eye towards eliminating evidence which is relevant only as proof of an accused's propensity to commit a certain type of crime." *Id.* at 889.

The first *Bell* factor of relevance requires a trial court to determine whether admission of the evidence of other crimes, wrongs, or acts would be in furtherance of one of the permissible purposes under KRE 404(b)(1). *Southworth v. Commonwealth*, 435 S.W.3d 32, 49 (Ky. 2014). Here, evidence of Elliott's possession of drugs and related paraphernalia and alleged occupation as a drug dealer was relevant because it established a motive for his unlawful

10

possession of the firearm. More particularly, Elliott's proximity to drugs and related paraphernalia and alleged occupation as a drug dealer had a tendency to establish a motive for his possession of the firearm, namely to protect himself from those who might seek to steal the drugs or trafficking-related money. Thus, the evidence was relevant for some purpose other than establishing criminal disposition, namely to establish that Elliott had a motive to possess the firearm despite being a convicted felon. *See Webb*, 387 S.W.3d at 328 ("Crimes often have a set of surrounding circumstances which help shed light on aspects such as motive and intent.").

The evidence also satisfied the *Bell* factor of probativeness, which requires the trial court to determine whether the evidence is sufficiently probative of the defendant's commission of the other alleged crimes, wrongs, and acts, *i.e.* whether "the jury could reasonably conclude that the act[s] occurred and that the defendant was the actor." *Davis v. Commonwealth*, 147 S.W.3d 709, 724-25 (Ky. 2004). Here, body cam footage depicted the alleged drugs and related paraphernalia present at the time of Elliott's arrest. Moreover, the jury could reasonably conclude from the evidence that Elliott was a drug dealer, given his prior trafficking conviction. Thus, the evidence also satisfied the requirement of probativeness.

Even where evidence of other crimes, wrongs, or acts satisfies the first two *Bell* factors of relevance and probativeness, however, a trial court must also consider whether "the tendency of the evidence [is] so strongly to lead the jury into improper character inferences that that tendency 'substantially

11

outweigh[s] [the evidence's] probative value' with regard to its proper uses." *Jenkins v. Commonwealth*, 496 S.W.3d 435, 457 (Ky. 2016) (quoting *Bell*, 875 S.W.2d at 890). Moreover, a trial court's duty as evidentiary gatekeeper does not end even if the trial court has found all three *Bell* factors satisfied. Rather, the trial court must continue to carefully guard against a use of such evidence beyond its permissible purposes resulting in undue prejudice to the defendant. *Brown v. Commonwealth*, 983 S.W.2d 513, 516 (Ky. 1999) ("Even where evidence of a prior crime has some relevance, the trial judge must use some discretion in deciding to what extent the prior bad act may be utilized without prejudice.").

Here, while evidence of Elliott's possession of drugs and related paraphernalia and alleged occupation as a drug dealer was relevant and probative, we nonetheless conclude the trial court abused its discretion in allowing the repetitious and cumulative admission of that evidence far beyond what was necessary to establish Elliott's motive to unlawfully possess the firearm. As we have repeatedly noted, admission of evidence of other crimes, wrongs, or acts is "inherently and highly prejudicial to a defendant" because "[i]t is very difficult for jurors to sift and separate such damaging information to avoid the natural inclination to view it as evidence of a defendant's criminal disposition." *Bell*, 875 S.W.2d at 890. Elliott was not on trial for either drug possession or drug trafficking, but rather only for possession of a firearm by convicted felon. While evidence that he possessed drugs and related paraphernalia and was a drug dealer were relevant to establish his motive for

12

possessing the firearm, those facts could have been established without undue prejudice by limited references during opening and closing statements and limited testimonial proof. It was thus incumbent on the trial court to ensure that the admission of such evidence was strictly limited only to argument and proof necessary to establish that motive. *Brown*, 983 S.W.2d at 516.

However, the trial court admitted evidence of the presence of drugs and Elliott's alleged occupation as a drug dealer over Elliott's objection at least fifteen times over the course of the one-day trial. The prosecutor told the jury twice during his opening statement that Elliott had been arrested in the presence of alleged drugs. During the presentation of proof the jury then watched body cam footage of the search showing the presence of those alleged drugs and heard Agent Fox testify at least twice that he located drugs during the search. In his closing statement, the prosecutor made at least five references to the drugs in the room at the time of Elliott's arrest and the related search video. The prosecutor further stated that an innocent person would not have been in the room with the drugs. Twice in closing the prosecutor referred to the possession of firearms by drug dealers. During the penalty phase, the prosecutor told the jury that Elliott was a "drug dealer in your community." This cumulative evidence far exceeded what was necessary for the Commonwealth to show that Elliott's possession of drugs and occupation as a drug dealer established a motive for his unlawful possession of the firearm.

We have previously held that an excessive presentation of otherwise relevant evidence of other crimes, wrongs, or acts may result in undue

13

prejudice to a defendant. *Id.* at 517 ("While the admission of evidence of appellant's [other crime] did not constitute error, the admission of excessive evidence supporting that indictment was 'unduly prejudicial and trial error.'" (quoting *Funk v. Commonwealth*, 842 S.W.2d 476, 481 (Ky. 1992))); *Chumbler v. Commonwealth*, 905 S.W.2d 488, 493 (Ky. 1995) (finding defendants were denied a fair trial where "the Commonwealth presented evidence of [other acts] far in excess of what was relevant to . . . establish motive."). To be clear, a limited use of evidence that Elliott possessed drugs and related paraphernalia and was a drug dealer would have satisfied the third *Bell* factor balancing probative value against prejudice, provided such use was limited to what was necessary to establish motive. But, the Commonwealth's cumulative references to Elliott's possession of drugs and related paraphernalia and alleged occupation as a drug dealer transformed from an appropriately limited presentation of evidence of motive to an urging of the jury to draw inferences of criminal propensity based upon Elliott's other crimes, wrongs, or acts. That is the very evil KRE 404(b) aims to avoid. *Graves*, 384 S.W.3d at 150 ("[T]he only relevance of the 'other crimes' evidence [lacking independent probative value] is to suggest that the accused has the propensity to commit the offense under review. That of course, is the very thing that KRE 404(b) prohibits."). As such, we conclude the trial court abused its discretion in allowing the presentation of other crimes, wrongs, or acts evidence to far exceed what was necessary to establish a motive for Elliott's possession of the firearm, thereby allowing the

14

tendency of that evidence to lead the jury to improper character inferences to substantially outweigh its probative value.

### III. The trial court abused its discretion in admitting evidence of other pending charges against Elliott and its admonition did not cure the resulting prejudice.

The trial court also abused its discretion in allowing the Commonwealth to admit evidence that Elliott faced other pending charges at the time of trial. On six separate occasions during trial, the Commonwealth made reference to the other pending charges against Elliott. Some of these references related to an incident following Elliott's arrest during which Elliott asked Agent Fox to read the charges against him and Elliott's subsequent statement that he was keeping the gun for his uncle. While the evident—and proper—purpose of this proof was to establish that Elliott knowingly possessed the firearm, the trial court abused its discretion in failing to limit the proof to that purpose by excluding reference to the other pending charges.

Evidence that Elliott faced other pending charges was not necessary to provide context for law enforcement conduct or discovery of the charged offense, nor was it so inextricably intertwined with the firearm charge that it could not be excluded without serious adverse affect to the Commonwealth. Thus, references to the other pending charges were not admissible under KRE 404(b)(2).

Evidence regarding the other pending charges also did not satisfy any of the *Bell* factors and therefore also was not admissible under KRE 404(b)(1). First, that Elliott faced other pending charges was wholly irrelevant to the issue

15

at trial, namely whether he was a convicted felon who had possessed a firearm. Second, the evidence also was not probative of Elliott's commission of the other alleged crimes because the charges were pending rather than actual convictions—indeed, Elliott was presumed innocent of those charges at the time of trial. Third, Elliott faced undue prejudice as a result of the Commonwealth informing the jury he had other pending charges. Thus, while the trial court could properly admit Elliott's statement that he was holding the gun for his uncle, the admission of the additional evidence that he requested and was read a list of "numerous" other charges was wholly unnecessary and resulted in undue prejudice to Elliott. *See Graves*, 384 S.W.3d at 151 (holding that admission of evidence of irrelevant and unproven charge was prejudicial). This is particularly so given the reference to this evidence on at least six separate occasions during the one-day trial. *See id.* ("[T]he prejudicial effect of that evidence was compounded by the numerous references to it throughout the trial . . . ."). As such, the trial court abused its discretion in allowing the Commonwealth to present evidence of the irrelevant and unproven charges against Elliott.

Finally, that the trial court admonished the jury to consider the other charges only as context and background does not alter our conclusion. After Agent Fox testified that Elliott faced "numerous" other charges, defense counsel moved for a mistrial, which the trial court denied. The defense then requested a limiting instruction informing the jury that Elliott was presumed innocent of the other pending charges and that the jury should not consider those charges

16

in determining Elliott's guilt or innocence on the firearm charge. The trial court then provided the jury with the following admonition:

> Sometimes evidence is admissible for some purposes and not others. Evidence in reference to other charges, other than the charge which is being tried here today which is possession of firearm by a convicted felon, that evidence has been admitted for the limited purpose of showing—if it does, and that's a matter for you to determine—the surrounding circumstances pertaining to this case. Any other reference to other charges will be dealt with or handled in other proceedings. So that's the instruction I'm giving.

An admonition is appropriate where "evidence which is *admissible . . . for one (1) purpose* but not admissible . . . for another purpose is admitted." KRE 105(a) (emphasis added). Here, the trial court admonished the jury that the other pending charges were admissible for the limited purpose of showing the surrounding circumstances of the case. As noted above, however, evidence of the other pending charges was wholly unnecessary to show why law enforcement focused on Elliott, how it discovered the firearm offense, or to otherwise provide context or background for the charged offenses. Indeed, the pending charges arose only after Elliott's arrest, and therefore cannot logically explain the context of his arrest or the charged offenses. As such, evidence of those charges was not admissible under KRE 404(b)(2) for the purpose of providing context and the trial court's admonition to the jury to that effect itself was erroneous and did not cure the prejudice resulting from admission of that evidence.

## IV. The trial court's errors were not harmless.

Finally, we also conclude that a new trial is required because the trial court's admission of voluminous, repetitive, and cumulative evidence of other

17

crimes, wrongs, and acts was not harmless. Nonconstitutional evidentiary errors "'may be deemed harmless if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error.'" *Mason v. Commonwealth*, 559 S.W.3d 337, 339-40 (Ky. 2018) (quoting *Murray v. Commonwealth*, 399 S.W.3d 398, 404 (Ky. 2013)). "The key inquiry is 'whether the error itself had substantial influence [on the result]. If so, or if one is left in grave doubt, the conviction cannot stand.'" *Rucker v. Commonwealth*, 521 S.W.3d 562, 570 (Ky. 2017) (quoting *Winstead v. Commonwealth*, 283 S.W.3d 678, 688-89 (Ky. 2009)).

Here, the jury heard repeated improper and unnecessary references throughout the one-day trial to Elliott's possession of drugs and related paraphernalia, to his alleged occupation as a drug dealer, and to other pending charges against him. The Commonwealth zealously pursued the admission of that evidence, which the trial court erroneously allowed. Notably, such evidence of other crimes, wrongs, or acts "is presumptively prejudicial." *Graves*, 384 S.W.3d at 150. Though proof of Elliott's guilt for possession of a firearm by a convicted felon may have been strongly supported by body cam footage showing him in a room with the firearm, it is also noteworthy that the jury recommended the maximum sentence of twenty years allowable under the law. Under such circumstances, we cannot say with fair assurance that the repeated improper references to other crimes, wrongs, and acts did not substantially sway the jury's decision. *See Rucker*, 521 S.W.3d at 570 (finding admission of other crimes, wrongs, or acts evidence not harmless, even though

18

proof of guilt was strong, given the lack of necessity for the evidence, its overwhelming potential for prejudice, the fundamentally flawed proceedings resulting from the Commonwealth's overzealousness and the trial court's error in admitting the evidence, and the jury's recommendation of the maximum possible sentence). We therefore cannot find the error merely harmless and are thus constrained to remand for a new trial.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Logan Circuit Court and remand for a new trial consistent with this opinion.

All sitting. Bisig, Conley, Keller, Lambert, and Thompson, JJ., concur. Vanmeter, C.J.; Nickell, J., concur in result only.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin Leigh Conder
Assistant Attorney General